UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GARY A. GERMANY,<br><br>　　　　Defendant. | No.　CR-08-0098-RHW<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE UNDER SECTION 3582(c)(2)** |

Pending before the Court is the Defendant's Motion for Retroactive Application of the Sentencing Guidelines. On January 23, 2009, the Defendant pleaded guilty to three counts of distributing five or more grams of cocaine base. At the time of sentencing the Defendant had two prior drug-related felonies, and the Probation Department designated him a career offender under U.S.S.G. §4B1.1. Without objecting to this designation, the Defendant moved for a downward departure, arguing that his "criminal history category significantly over represent[ed] the seriousness of his past conduct." U.S.S.G. § 4A1.3(b)(1). The Court granted the motion and sentenced the Defendant to 70 months, a term within the guideline range that would have applied if he were not a career offender.

**ORDER DENYING MOTION FOR SENTENCE REDUCTION** * 1

After reviewing the initial papers, the Court ordered supplemental briefing about two questions: (1) whether the Court has the authority to reduce the Defendant's sentence; and (2) whether the Defendant's history warrants a reduction. The Court need not decide the first, because it determines that the Defendant's lengthy juvenile, arrest, and criminal history does not justify a reduction. The Defendant's often violent history is troubling, about which he explained prior to sentencing that he had "to be more careful next time" when he goes about his "business," ostensibly in the drug trade. This suggests that the public would benefit from a significant term of imprisonment.

The Defendant, whose 70 month sentence is a substantial departure from the career offender range of 188 to 235 months, suggests only that the Court should not use his history as a reason to deny this motion, since it previously found that the career offender range was over-representative. But the Court may consider "the history and characteristics of the defendant" and the need to "protect the public from further crimes," and its decision that the Defendant's history did not warrant a 188 month sentence does not now compel a conclusion that a 70 month sentence is inappropriate. *See* 18 U.S.C. § 3582(c)(2) (directing Court to consider Section 3553 factors); 18 U.S.C. §§ 3553(a)(1), (2)(C).

The Defendant is to be commended for his accomplishments while in custody, like attaining his GED. Hopefully he can parlay those successes upon his release.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's Motion for Sentence Reduction (ECF No. 71) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 15th day of March, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

**ORDER DENYING MOTION FOR SENTENCE REDUCTION** * 2

reduction.ord.wpd